UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN TATAR II,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**DONALD C. NUGENT, R. GUY COLE, and ROBERT J. JONKER,**<br><br>　　　　　Defendants. | 2:25-CV-10296-TGB-DRG<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>**(ECF NO. 30)** |

Plaintiff John Tatar II ("Tatar"), proceeding *pro se*, filed this action against Sixth Circuit Judge R. Guy Cole, Jr., Northern District of Ohio Judge Donald C. Nugent, and Western District of Michigan Judge Robert J. Jonker regarding their dismissal or transfer of his prior lawsuits, seeking compensatory and exemplary damages and a demand for the appointment of a special master. Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) arguing that they are entitled to absolute judicial immunity from Tatar's claims, that Tatar's claims lack subject matter jurisdiction, and that there is no basis for the appointment of a special master. For the reasons stated below, Defendants' motion to dismiss will be **GRANTED**.

## I.　　BACKGROUND

This lawsuit is the latest in a long string of civil actions filed by Plaintiff John Tatar II ("Tatar") based on a dispute about taxes. Tatar

1

brings this latest action against two federal district court judges who dismissed his most recent lawsuits—the Honorable Donald C. Nugent of the Northern District of Ohio and the Honorable Robert J. Jonker of the Western District of Michigan—and a federal appellate circuit judge who ordered the transfer of one of those cases to a different court from this Court—the Honorable R. Guy Cole of the Sixth Circuit Court of Appeals. Tatar's allegations in this case stem from a lawsuit he filed against two Internal Revenue Service ("IRS") employees and others for requiring in 2013 the payment of taxes that Tatar believes were unlawful. *Tatar v. Mayer*, No. 12-14814, 2013 WL 4042592 at *7 (E.D. Mich. Aug. 9, 2013) (Batanni, J.). That original case was dismissed with prejudice. *Id*. Tatar appealed the decision to the Sixth Circuit Court of Appeals, where it was dismissed. *Tatar v. Mayer*, No. 13-2395, (6th Cir. Oct. 31, 2014).

Tatar next filed a lawsuit in the Eastern District of Michigan against the United States for the same tax-related reasons. The Honorable Linda V. Parker dismissed the action after receiving a report and recommendation from Magistrate Judge David R. Grand. *Tatar v. United States*, No. 16-13117, 2017 WL 3581561 at *1–2 (E.D. Mich. Aug. 18, 2017) (Parker, J.). Tatar appealed this decision as well, and the Sixth Circuit affirmed Judge Parker's decision to dismiss this second case. *Tatar v. United States*, No. 17-2088, 2018 WL 2247497 (6th Cir. Apr. 24, 2018).

Tatar's lawsuits continued in 2020, where he brought an action against the two original IRS employees, as well as the judicial officers who decided the cases against him, District Court Judges Marianne O. Battani and Linda V. Parker, United States Magistrate Judge David R. Grand, and the Justice Department Attorneys who defended the earlier lawsuits. Sixth Circuit Judge R. Guy Cole transferred the 2020 case to the Honorable Donald C. Nugent of the United States District Court for the Northern District of Ohio, where it was *sua sponte* dismissed on the grounds of *res judicata*. *Tatar v. Mayer*, No. 4:20-CV-12287, 2020 WL 5900136 at *3 (E.D. Mich. Oct. 5, 2020). In its dismissal, the Court held that an appeal could not be taken in good faith under 28 U.S.C. § 1915(a)(3). *Id*. Tatar filed multiple motions for reconsideration that were denied and later sent a letter to the Honorable Denise Page Hood, then Chief Judge of the U.S. District Court for the Eastern District of Michigan, who replied to Tatar explaining that she has no authority over the action. ECF No. 1, PageID.57–61 (correspondence between Judge Hood and Joseph Tatar).

The most recent actions filed by Tatar occurred in 2021, when he again filed an action against the judges and a court clerk, styled as a "Writ of Replevin," against Sixth Circuit Judge Cole, District Judges Nugent and Hood, and Court Clerk Richard Loury. *Tatar v. Cole*, No. 2:21-CV-11512, 2021 WL 4710761 (E.D. Mich. Oct. 8, 2021) (Nugent, J.). This action was transferred to the Honorable Robert Jonker of the United

States District Court of the Western District of Michigan. That court issued a show cause order for Tatar to raise a substantial federal question, Tatar responded to the order, and the court dismissed the case after finding Tatar failed to demonstrate the presence of a substantial federal question. *Id.* at *1–2. Tatar did not appeal that decision.

In this, the fifth lawsuit brought by Tatar, he again makes claims against Judges Cole, Jonker, and Nugent, this time for gross negligence, fraud, perjury, conversion and "usurpation." Tatar Complaint, ECF No. 1, PageID.1–28. Tatar alleges that Circuit Judge Cole could have and failed to resolve the reversible error made by district court judges by transferring the case. *Id* at PageID.16. Tatar alleges that Judges Nugent and Jonker committed several wrongs and violated his constitutional rights by dismissing the respective cases that were pending before them. *Id* at PageID.20–23. Tatar also asks this Court to appoint a Special Master due to his concerns regarding the fairness and impartiality of the Court.

## II. Legal Standard

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Challenges to subject matter jurisdiction under 12(b)(1) "come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Under a facial attack, all of the allegations in the complaint must be taken as true. *Id.*; *see also Lovely v. United States*, 570 F.3d 778, 781

(6th Cir. 2009). A factual attack, on the other hand, is not a challenge to the sufficiency of the allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, "no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also* 2 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2000) ("[W]hen a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.").

Although Defendants raise their judicial immunity argument under Rule 12(b)(1), the Sixth Circuit directs courts to consider "[t]he availability of absolute judicial immunity in the context of a Rule 12(b)(6) motion to dismiss." *Leech v. DeWeese*, 689 F.3d 538, 541 (6th Cir. 2012); *see also Harris v. Sec'y of State*, No. 23-5833, 2024 WL 4225713, at *3 (6th Cir. May 29, 2024) (noting that "judicial immunity is not a jurisdictional doctrine that deprives a court of the power to adjudicate a claim"). The court will therefore construe Defendants' judicial immunity argument as having been made under Rule 12(b)(6).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "construe the complaint in the light

most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8 requires only that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule

6

12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Although Tatar seems to believe that the doctrine of judicial immunity does not exist, as will be explained in greater detail below, he is incorrect. Courts have found that claims against judges based on their "performance of judicial functions" are "wholly devoid of merit," because judges are entitled to absolute immunity from them. *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *1–2 (6th Cir. Aug. 2, 2022) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). A separate doctrine, sovereign immunity also comes into play when the government is a defendant, and this doctrine is "jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, a motion to dismiss alleging that a claim is barred by sovereign immunity is properly brought under Rule 12(b)(1). *Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466, 478 (6th Cir. 2023) ("[S]overeign immunity is a jurisdictional defect that should be addressed under Rule 12(b)(1).") (emphasis omitted). When jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction to survive a motion to dismiss. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

      Finally, pleadings filed by pro se litigants are subject "'to less stringent standards than formal pleadings drafted by lawyers' … and [the court] may not uphold the dismissal of such a pleading 'simply

7

because [we] find[ ] the plaintiff's allegations unlikely.'" *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted).

## III. Discussion

Defendants argue in their motion to dismiss that they are immune from Tatar's claims because they are entitled to absolute judicial immunity, sovereign immunity, and immunity under the Federal Torts Claims Act ("FTCA"). The Defendants also argue that there is no basis for the appointment of a special master in this case. For the reasons stated below, the Court finds that Tatar's claims against Defendants are barred by absolute judicial immunity, sovereign immunity, and under the FTCA. Furthermore, there is no basis for the appointment of a special master.

### A. Defendants have Absolute Judicial Immunity

The Supreme Court has held that judges are generally "immune from a suit for money damages" for actions taken within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Indeed, in 1967 the Supreme Court noted the long-standing doctrine of judicial immunity when it wrote: "[f]ew doctrines [a]re more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967), citing, *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). A judge "should not have to fear that unsatisfied litigants may hound him with

8

litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Id.* at 554. The doctrine is broad and "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Barnes*, 105 F.3d at 1115. (alteration and quotation omitted). Absolute judicial immunity is only overcome in two situations, when a judge's actions are "nonjudicial" or when judicial actions were "'taken in the complete absence of all jurisdiction.'" *Id.* at 1116.

Here, Tatar complains that Judges Cole, Jonker, and Nugent "failed to perform their duties through willful negligence and/or purposefully failed to perform their [de jure] duties of their respective offices" and asserts that the Judges are "personally" liable to him. Complaint, ECF No. 1, PageID.7–14. Defendants assert that Tatar's claims are barred by absolute judicial immunity because those claims arise solely from the Defendants' actions taken in pursuit of their official judicial duties while presiding over Tatar's prior claims. This position is fully supported by the record, so the Court agrees.

To address the claims against each Defendant, the Court refers to the specific allegations in the Complaint. Regarding the actions of Circuit Judge Cole, as best as the Court can discern, Tatar alleges that Judge Cole was negligent in transferring Tatar's lawsuit to Judge Nugent and for failing to order the lower court judges to return his filing fee.

9

Complaint, ECF No. 1, PageID.6, 8, 12, 16–17. However, these actions were indisputably judicial in nature. Indeed, there is a federal statute, Section 292(b) of Title 28 of the United States Code, that specifically authorizes a chief judge of a circuit "in the public interest, [to] designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b). Judge Cole's actions were clearly authorized and entirely judicial in nature. *See Barnes*, 105 F.3d at 1116 (holding that an act is clearly judicial in nature and functions when it is done to resolve disputes between parties who have invoked the jurisdiction of the court); *Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (affirming district court's sua sponte dismissal of complaint against a federal judge based on his rulings in the plaintiff's earlier case). Therefore, Judge Cole is entitled to absolute judicial immunity, and Tatar's Complaint against him will be **DISMISSED WITH PREJUDICE** for failure to state a claim.

As to Judge Nugent, Tatar alleges that he committed "fraud and perjury" in his judicial decisions by (1) sua sponte dismissing Tatar's prior complaint for failure to state a claim, citing judicial immunity and res judicata; (2) denying Tatar's motions for reconsideration; and (3) failing to return Tatar's $400 filing fee. Complaint, ECF No. 1, PageID.4–5, 8–11, 14–15; *Tatar v. Mayer*, No. 4:20-CV-12287, 2020 WL 5900136, at *1–3 (E.D. Mich. Oct. 5, 2020) (Nugent, J.). But nothing in Tatar's allegations suggests that Judge Nugent's judicial acts were either

10

non-judicial by nature or function or without jurisdiction. Rather, these are quintessential judicial acts for which Judge Nugent is entitled to absolute immunity. And Tatar's allegations that Judge Nugent's decisions were erroneous and deriving from corrupt behavior are not only without factual basis, they are also by their very nature incapable of overcoming absolute judicial immunity because even allegations of malicious or corrupt acts are covered by such immunity. *Mireles*, 502 U.S. at 11 (holding that allegations of malice or corruption do not deprive judicial defendants of immunity); *Stern v. Masico*, 262 F.3d 600, 607 (6th Cir. 2001) (explaining that "[o]nly in the absence of *subject matter jurisdiction* are judicial actors devoid of the shield of immunity," and "[e]ven grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.") (emphasis in original). Therefore, Judge Nugent is entitled to absolute judicial immunity for Tatar's claims against him, and the Complaint against him will be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Finally, Tatar alleges Judge Jonker committed acts of "usurpation," "malfeasances," "gross negligence," "conversion" of Tatar's monies, and dereliction of duties when he ordered Tatar to show cause why his complaint should not be dismissed, and then subsequently dismissed Tatar's complaint. Complaint, ECF No. 1, PageID.5, 7, 13–14, 17–23; *Tatar v. Cole*, No. 2:21-CV-11512, 2021 WL 4710761 at *1 (E.D. Mich.

11

Oct. 8, 2021). Judge Jonker's conduct, as alleged, falls squarely within the types of judicial actions that judges routinely take in their judicial capacity. Tatar has failed to allege that Judge Jonker acted outside his judicial capacity or without jurisdiction. *Mireles*, 502 U.S. at 11 (stating that judicial immunity is not overcome by allegations of bad faith or malice); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Accordingly, Judge Jonker is entitled to absolute judicial immunity and Tatar's Complaint against him will be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Even if Tatar's claims against Defendants were not barred by absolute judicial immunity, they would nevertheless fail for the reasons set out below.

### B. Defendants' Sovereign Immunity

Tatar claims that the Defendants have committed "Constitutional torts" against him. Complaint, ECF. No.1, PageID.25–26. Defendants argue these claims fail as a matter of law because the doctrine of sovereign immunity shields Defendants from suit.

The United States, and its officials, are unquestionably immune from suit unless immunity is expressly waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Muniz-Muniz v. United States Border Patrol*,

741 F.3d 668, 671 (6th Cir. 2013) ("[T]he United States may not be sued without its consent.... Sovereign immunity extends to agencies of the United States or federal officers [acting] in their official capacities.") (internal quotation marks omitted). The lack of a waiver or consent by the government to suit is a matter of jurisdiction, and without waiver or consent federal courts generally do not have subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). While no statute waives sovereign immunity for claims against federal officials alleging constitutional violations, the Supreme Court has recognized an implied cause of action in three narrow circumstances: (1) unconstitutional search and seizure under the Fourth Amendment as described in *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (2) gender discrimination against a congressman in violation of the equal protection component of the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) Eighth Amendment deliberate indifference claims against prison officials in *Carlson v. Green*, 446 U.S. 14 (1980). *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017). The Supreme Court has since held that recognizing causes of action under the *Bivens* rule is disfavored and should only be done when considering special factors where a court may be in a better position than Congress to create a *Bivens* cause of action. *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (stating that a *Bivens* remedy should almost never be extended to a new context).

Tatar's claims that the Defendants committed "negligence, fraud, conversion, perjury, malfeasance, and dereliction of duty," Complaint, ECF No. 1, PageID.23–25, are meaningfully different than the narrowly defined exceptions for waiver of sovereign immunity recognized in the *Bivens* claims discussed above. And the Court will not recognize a new *Bivens* claim in this context. *See Egbert*, 596 U.S. at 491 ("[R]ecognizing a cause of action under *Bivens* is a disfavored judicial activity."). The Supreme Court has held that there must be special factors to consider creating a *Bivens* claim, including whether existing legislation covers the issue or whether alternative remedial schemes exist. *Id.* at 492. The Court must refrain from creating a *Bivens* claim where Congress is much better situated to create provisions for this matter. *Id.* at 491. No such special factors are present here because Tatar had effective opportunities to challenge the decisions in the earlier proceedings. And courts have recognized that suits against judicial officers based on their judicial conduct will interfere with the orderly administration of justice. *See Stump*, 435 U.S. at 356–64.

Accordingly, Tatar's constitutional tort claims against Defendants will be **DISMISSED WITH PREJUDICE** for failure to state a claim.

### C. Immunity under the Federal Tort Claims Act

Reading Tatar's pro se Complaint liberally, it contains several allegations that may be regarded as state law tort claims against Defendants, such as claims for negligence, gross negligence, conversion, and fraud. Complaint, ECF No. 1, PageID.22–25. For suits sounding in tort against the United States or its employees acting within the scope of employment, the exclusive waiver of sovereign immunity is found in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2670 *et seq.*, and in an action brought pursuant to the FTCA, the only proper defendant is the United States. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1). For this reason, a federal agency or a federal official cannot be sued under the FTCA. *See Wilburn v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 771 F. Supp. 3d 950, 961 (E.D. Mich. 2025) (Declercq, J.); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (noting that "[f]ailure to name the United States in an FTCA suit results in a fatal lack of jurisdiction"). Accordingly, because this lawsuit is against individual defendants rather than the United States, the Court lacks jurisdiction over any state law tort claims against Defendants under the FTCA.

Furthermore, the FTCA requires certain administrative-exhaustion actions to be taken before filing an action against the United States. *See* 28 U.S.C. § 2675(a); *see also Wilburn*, 771 F. Supp. 3d at 961 ("The purpose of this administrative-exhaustion requirement is to

15

prevent plaintiffs from filing suit before attempting to settle their claims."). Here Tatar does not allege that he presented an administrative tort claim before filing this lawsuit, and he therefore has failed to exhaust his administrative remedies under the FTCA. *See Wilburn*, 771 F. Supp. 3d at 961. Accordingly, such claims will be **DISMISSED WITH PREJUDICE.**

### D. Request for Appointment of a Special Master

Finally, Tatar has requested the appointment of a special master, alleging that the appointment is necessary given the nature of the previous proceedings and to "preserve transparency and to ensure that Justice be done according to the 'rule of law.'" Complaint, ECF No. 1, PageID.3. Defendants oppose the appointment of a special master in this case. ECF No. 30, PageID.205–06.

"Courts may appoint special masters under Federal Rule of Civil Procedure 53 to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *Hudson v. Corecivic*, No. 3:21-cv-00319, 2024 WL 1626891, at *5 (M.D. Tenn. Mar. 11, 2024) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957)), *report and recommendation adopted*, 2024 WL 1622630 (M.D. Tenn. Apr. 15, 2024). Rule 53 states that a court may appoint a master only to:

(A) perform duties consented to by the parties;

16

> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
>> a. some exceptional condition; or
>>
>> b. the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P 53(a)(1). In appointing a master, the court "must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." *Id.* (a)(3). Furthermore, a pretrial master should be appointed "only when the need is clear." Fed. R. Civ. P. 53 advisory committee's notes (2003); *see also Inventory Locator Serv. LLC v. Partsbase, Inc.*, No. 02-2695, 2006 WL 1646091, at *2 (W.D. Tenn. June 14, 2006) ("the appointment of a special master is the exception and not the rule.").

Defendants have not consented to the appointment of a special master, ECF No. 30, PageID.206, and Tatar has not shown that there exists in this case any exceptional circumstances requiring the appointment of one. There are no "trial proceedings" or "recommended findings of fact on issues to be decided without a jury" in this case at this time. And Tatar has not presented any matters than cannot be "effectively and timely" resolved by this Court. This Court is well equipped to "effectively and timely" resolve this motion to dismiss.

17

Accordingly, the appointment of a special master is not warranted, and Tatar's request is **DENIED.**

### E. Conclusion

For the reasons stated above, Defendants Circuit Judge R. Guy Cole, District Judge Donald Nugent, and District Judge Robert Jonker's motion to dismiss, ECF No. 30, is **GRANTED**, and Plaintiff John Tatar's claims are **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**IT IS SO ORDERED.**

Dated: August 26, 2025

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE