UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN TATAR II,**<br><br>　　　　　Plaintiff,<br>vs.<br>**DONALD C. NUGENT,**<br>**R. GUY COLE, and**<br>**ROBERT J. JONKER,**<br>　　　　　Defendants. | 2:25-CV-10296-TGB-DRG<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING**<br>**PLAINTIFF'S MOTIONS FOR**<br>**RECONSIDERATION**<br>**(ECF NOS. 34, 36)** |

　　　　Plaintiff John Tatar II ("Tatar"), proceeding pro se, filed this action against Sixth Circuit Judge R. Guy Cole, Jr., Northern District of Ohio Judge Donald C. Nugent, and Western District of Michigan Judge Robert J. Jonker regarding their dismissal or transfer of his prior lawsuits, seeking compensatory and exemplary damages and a demand for the appointment of a special master. On August 26, 2025, the Court granted the Defendants' Motion to Dismiss, ECF No. 30, and dismissed Tatar's claims with prejudice. ECF Nos. 32, 33. Now before the Court are Tatar's two Motions for Reconsideration. ECF Nos. 34, 36. For the reasons that follow, these motions will be **DENIED**.

　　　　Tatar moves for reconsideration of this Court's Order and Judgment pursuant to "Rule 7 of F.R. Civ. P." ECF Nos. 34, 36. The Federal Rules of Civil Procedure do not mention motions for reconsideration. To the extent Tatar means to move for reconsideration under E.D. Mich. LR 7.1(h), the Court notes that motions for

1

reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1. Instead, "[a] motion for reconsideration filed after final judgment must be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) if filed within twenty-eight days of judgment being entered, … or as a motion for relief from judgment under Rule 60 if filed any later." *Howe v. Mayfield*, No. 1:25-cv-812, 2025 WL 3303918, at *1 (W.D. Mich. Oct. 28, 2025) (citation modified).[1] *See Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995) ("[M]otions seeking to review an earlier judgment are filed pursuant to either Rule 59 or Rule 60.").

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.

---

[1] Tatar's first motion for reconsideration was filed 29 days after this Court's entry of judgment in this case, and his second motion over 100 days after the Court's entry of judgment. Those motions are therefore untimely as a motion under Rule 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 681 (6th Cir. 1999) (finding Rule 59(e) motion filed "one day late" was untimely); *Visconi v. United States*, No. 16-6689, 2017 WL 5664911, at *1 (6th Cir. May 22, 2017) (noting Fed. R. Civ. P. 6(b)(2) instructs that "[a] court 'must not extend the time to act under'" Fed. R. Civ. P. 59(e)); *Farmer v. Upchurch*, No. 1:21-CV-153, 2022 WL 22738215, at *2 (E.D. Tenn. Jan. 18, 2022) (dismissing Rule 59(e) motion filed 29 days after the judgment as untimely). The Court will nevertheless consider Tatar's motions for reconsideration under both Rule 59(e) and Rule 60(b).

*GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, FED. PRACTICE & PROC. § 2810.1 (2d ed. 1995)).

Federal Rule of Civil Procedure 60(b) allows a party to file a motion to "seek relief from a final judgment, and request reopening, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). It enumerates six grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the Rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (stating that Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief.") (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

In his submissions, Tatar reasserts the same types of claims he made in his Complaint and the same arguments he made in his response to Defendants' motion to dismiss, which the Court already carefully considered and rejected. Specifically, Tatar contests that the Defendants are entitled to absolute judicial immunity from the kinds of claims Tatar has asserted in this case. ECF No. 34, PageID.246–49; ECF No. 36, PageID.285–61. Those arguments have been thoroughly considered and rejected in the Court's August 26, 2025 Order Granting Defendants' Motion to Dismiss. *See* ECF No. 32, PageID.234–38. And a motion for relief from judgment is not a vehicle for rearguing claims already decided. *Craddock v. Cnty. of Macomb*, No. 21-12827, 2024 WL 2607302, at *2

(E.D. Mich. May 24, 2024) (Parker, J.) ("[A] Rule 59(e) or Rule 60(b) motion must be denied if the movant is merely attempting to relitigate previously decided issues.").

To the extent Tatar also complains that the Defendants did not file an answer to his Complaint, ECF No. 34, PageID.249–51, although that is true, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) in lieu of an answer to Tatar's Complaint, as permitted. *See* Fed. R. Civ. P. 12(b)(1)–(6) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Finally, to the extent Tatar complains that the Court did not address his first motion for reconsideration, which was filed September 24, 2025, as quickly as he would like, ECF No. 36, PageID.256–57, that argument fails to provides grounds for relief under Rules 59(e) or 60(b).

In short, none of Tatar's arguments identifies a mistake, clear error of law, newly discovered evidence, fraud, manifest injustice, or another inequitable circumstance that has any effect on the Court's reasoning in granting Defendants' motion to dismiss. Tatar fails to satisfy his burden under the standards in Rule 59(e) or Rule 60(b), and his motions therefore must be **DENIED**.

Accordingly, for the reasons stated, Tatar's Motions for Reconsideration, ECF Nos. 34, 36, are **DENIED**.

**IT IS SO ORDERED.**

Dated: December 22, 2025    /s/Terrence G. Berg
                                            HON. TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE